648 F.2d 361
 81-2 USTC P 9503
 UNITED STATES of America and William E. Lucas, Special
Agent, Petitioners-Appellees,
v.
Robert Benson PAYNE, as President of Tower Land and
Investment Company and as President of Taurus
Corporation, Respondent-Appellant.
 No. 80-1800
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Unit A
 June 18, 1981.
 Winstead, McGuire, Sechrest & Trimble, Robert L. Trimble, Thomas R. Helfand, Dallas, Tex., for respondent-appellant.
 M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Chief Appellate Sec., JoAnn Horn, Charles E. Brookhart, Tax Div., Dept. of Justice, Washington, D. C., for petitioners-appellees.
 Appeal from the United States District Court for the Northern District of Texas.
 Before BROWN, POLITZ and TATE, Circuit Judges.
 JOHN R. BROWN, Circuit Judge:
 
 An Appearance Is Made
 
 1
 The material facts are easily summarized in this appeal from the enforcement of two Internal Revenue Service (IRS) summons. On April 5, 1978, William E. Lucas, a special agent of the IRS, personally served two summons on attorney Robert L. Trimble which were addressed to Trimble's client Robert Benson Payne as the President of Tower Land and Investment Company and Robert Benson Payne as the President of Taurus Corporation. The summons directed Payne to appear before Lucas and produce certain records of the two corporations in connection with an investigation of Payne's tax liability for the years 1973 through 1976. Payne and Trimble both appeared at the designated time and place, but failed to comply with the summons. The Government brought suit to enforce compliance. In answering this complaint, Payne raised, for the first time, the allegation that the summons were invalid and unenforceable because they were not properly served in accordance with 26 U.S.C.A. § 7603[1] neither served upon Payne personally nor left at his last and usual place of abode.
 
 
 2
 The District Court, 491 F.Supp. 74, acknowledged that the service was defective, but went on to find that Payne had waived strict statutory compliance by appearing at the time and place set forth in the summons and by failing to object to the improper service at that time. It is from this finding that Payne now appeals.
 
 Silence Is Not Golden Waiver
 
 3
 It is apparent from the facts that the IRS failed strictly to comply with the service requirements of § 7603 of the IRS code. Therefore, in order to determine the propriety of the District Court's decision enforcing the summons, we must examine that Court's resolution of the issue of whether or not there can be a waiver of strict compliance. In answering this issue in the affirmative, the District Court relied on the only case which has addressed the issue of waiver of service U. S. v. Myslajek, 568 F.2d 55 (8th Cir. 1978) cert. denied, 438 U.S. 905, 98 S.Ct. 3123, 57 L.Ed.2d 1147 (1978), which holds that the failure to object to a defective service may constitute waiver of strict compliance with the service requirements of § 7603. There, the IRS agent served two summons upon taxpayer Myslajek's adult son at her place of business and, in addition, notified her by phone. The taxpayer appeared on the return date of the summons, but declined to testify or produce any of the requested documents. Rather, she lodged several substantive objections to the summons, none of which included defective service. Myslajek's procedural objection did not surface until almost three months later in her answer to the enforcement petition. The Eighth Circuit in response held:
 
 
 4
 The record demonstrates that Ms. Myslajek received actual notice of the summons on the day they were served but did not object to the defective service until almost three months later. Although she filed a statement objecting to the summons on substantive grounds, she did not take that opportunity to raise any procedural issue. Had she voiced her objections at an earlier date, any defect in service could easily and inexpensively have been cured through a second service. Under the special circumstances of this case, we hold that Ms. Myslajek waived strict compliance with the requirements of § 7603.
 
 
 5
 Myslajek, 568 F.2d at 57.
 
 
 6
 The facts in the present case are parallel to those of Myslajek. Obviously, taxpayer Payne received notice of the service of the summons as indicated by his appearance, along with that of Trimble, his attorney. Likewise, a substantive objection was made at this time to the summons, but at no time was a procedural deficiency mentioned.[2] Had there been an objection to the defect, as was emphasized by the Myslajek court and the District Court here, the defect could instantly have been cured. Because there was no immediate complaint, however, we arrive at the same logical, expedient and simple conclusion as in Myslajek, by finding that under these circumstances, Payne waived strict compliance.
 
 Summons Are Valid
 
 7
 Payne attempts to defeat this finding of waiver with the argument that his objection to the improper service was properly and timely raised at the District Court's enforcement proceeding. See 26 U.S.C.A. § 7604.[3] A requirement that the summoned party raise all defenses before the hearing examiner instead of the District Court, would, asserts Payne, result in a denial of due process and the usurption of power which Congress has granted to the Courts. Furthermore, this procedure is contrary to the steps outlined by the Supreme Court for summons enforcement proceedings in United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Powell clearly states that in order to enforce its summons, the IRS must show that all administrative steps required by the code have been followed. Thus, Payne maintains that under Powell, improper service would result in a denial of enforcement.
 
 
 8
 We answer Payne's contention with a recent Fifth Circuit case, United States v. Bank of Moulton, 614 F.2d 1063 (5th Cir. 1980) which concluded that
 
 
 9
 Powell did not hold that infringement of any code requirement would operate as a per se bar to enforcement of the IRS summons absent material harm Nothing in the language of the code itself mandates this sanction for infringement. The correct approach for determining whether to enforce a summons requires the court to evaluate the seriousness of the violation under all the circumstances including the government's good faith and the degree of harm imposed by the unlawful conduct.
 
 
 10
 Moulton, 614 F.2d at 1066.
 
 
 11
 Analyzing the present situation in light of this legal principle, we conclude that the instant violation of improper service was, at most, technical and not serious. More importantly, we have not discerned any bad faith on the part of the Government or harm or prejudice to the taxpayer Payne. Since these elements are lacking here, we find no reason for not affirming the District Court's finding of waiver and subsequent enforcement of the summons.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 26 U.S.C.A. § 7603 (1954):
 A summons issued under section 6420(e)(2), 6421(f)(2), 6424(d)(2), 6427(h)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.
 
 
 [2]
 "Petitioner Lucas testified as follows upon questioning by Mr. Kenneth J. Mighell, United States Attorney for the Northern District of Texas, starting at line 17:
 "Q. On the date indicated in the summons, April 24, 1978, did Mr. Payne appear?
 "A. Mr. Payne along with Mr. Trimble did appear in the office in Fort Worth.
 "Q. What transpired at that time?
 "A. At that time they indicated that they were Mr. Trimble said he was going to suggest Mr. Payne take his Fifth Amendment rights and not comply with the summons or not give us information at that time.
 "Q. Did Mr. Payne produce any records at that time?
 "A. No, sir, he did not.
 "Q. Did he offer any testimony at that time?
 "A. No, sir, he did not."
 
 
 [3]
 26 U.S.C.A. § 7604 (1954):
 (a) Jurisdiction of District Court. If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.
 (b) Enforcement. Whenever any person summoned under section 6420(e)(2), 6421(f)(2), 6424(d)(2), 6427(h)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.