UNITED STATES of America, and Jerry
Shea, Special Agent of the Internal
Revenue Service, Appellees,

v.

GILBERT C. SWANSON
FOUNDATION, INC.,
Appellant,

Gerald E. Sawall, Treasurer.

No. 84–2492.

United States Court of Appeals,
Eighth Circuit.

Submitted April 23, 1985.

Decided Sept. 6, 1985.

Robert J. Murray, Omaha, Neb., for appellant.

Michael L. Paup, Washington, D.C., for appellees.

Before HEANEY, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HEANEY, Circuit Judge.

The Gilbert C. Swanson Foundation (the Foundation) appeals from an order of the district court requiring compliance with a summons issued by the Internal Revenue Service as part of an investigation into the tax liabilities of the Foundation. For reversal, the Foundation argues that the summons was rendered invalid when an IRS agent added the name of a corporate officer to the summons after the summons had been approved by the agent's supervisor; according to the Foundation, this departure from the procedure set forth in an IRS delegation order bars enforcement of the order. We affirm.

Through a chain of delegated authority,[1] certain IRS supervisory personnel are ordinarily required to approve IRS summonses ordering the presence of third-party witnesses at investigative hearings. In this case, the summons was originally issued to order the appearance of the Foundation, but the agent altered it by adding above the salutation "To Gilbert C. Swanson Foundation, Inc.," the words "Gerald E. Sawall as Treasurer for," and by changing the address. This alteration was not approved by the agent's supervisor, as required by the operative delegation order. The Foundation suggests that this departure from procedure invalidates the summons. We cannot agree.

When the United States seeks to enforce a summons, it must show (1) that there is a

---

1. The Secretary of the Treasury and his delegate are empowered to issue a summons, 26 U.S.C. § 7602, and the Secretary has delegated his authority to the Commissioner of the IRS, 26 C.F.R. § 301.7602–1(b), who in turn may redelegate this power by a delegation order. According to Del.Order No. 4 (Revision 14) (Effective July 14, 1983), 1983–2 C.B. 405–406, when a third-party witness is summoned, the issuing officer's case manager, group manager or other higher supervisor must authorize issuance of the summons in advance.

legitimate purpose for the investigation; (2) that the material sought is relevant to that purpose; (3) that the material sought is not already within the possession of the IRS; and (4) that the administrative steps required by the Internal Revenue Code have been taken. *United States v. La-Salle National Bank,* 437 U.S. 298, 317–318, 98 S.Ct. 2357, 2367–2368, 57 L.Ed.2d 221 (1978).

The Foundation's argument focuses on the fourth of these requirements. In evaluating the administrative propriety of summonses in other contexts, the Fifth Circuit has held that

> Nothing in the language of the code itself mandates * * * [*per se* denial of enforcement of the summons] for infringement [of the Internal Revenue Code's administrative requirements]. The correct approach for determining whether to enforce a summons requires the court to evaluate the seriousness of the violation under all the circumstances including the government's good faith and the degree of harm imposed by the unlawful conduct.

*United States v. Payne,* 648 F.2d 361, 363 (5th Cir.1981), *cert. denied,* 454 U.S. 1032, 102 S.Ct. 570, 70 L.Ed.2d 476 (1982), citing *United States v. Moulton,* 614 F.2d 1063, 1066 (5th Cir.1980).

We take very seriously the statutory and administrative regulations that govern the issuance of IRS summonses. They are an essential check on the discretion of an agency with broad investigatory powers over all American citizens. Nevertheless, in the circumstances of this case, we believe denial of the summons would be an elevation of form over substance. The addition of the corporate treasurer's name to the summons did not alter the substance of the summons. The treasurer was expected to represent the Foundation as a responsible officer, and he was not obligated to provide documents or testify about materials outside the breadth of the summons as originally approved. Naturally, the fifth amendment protects the treasurer from answering any questions directed to him

which might stray beyond the ambit of the summons and into the realm of his personal tax liability, if any.

Accordingly, we find no error in the district court's enforcement order and affirm on the basis of the reasoning set forth in that order. *See* 8th Cir.R. 14.