962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA; Richard Clifton, Revenue Officer
of the Internal Revenue Service, Appellees,
v.
Richard H. THOM, Appellant.
 No. 91-3509.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 29, 1992.
Filed: May 8, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard H. Thom appeals the district court's[1] order granting the petition to enforce the Internal Revenue Service (IRS) summons filed by the United States and IRS officer Richard Clifton. We affirm.
 
 
 2
 In furtherance of his investigation into the collection of Thom's tax liabilities, Clifton served a collections summons (IRS Form 6637) on Thom by leaving a carbon copy of the original summons at 211 Varner, Jordan, Minnesota, the address which Clifton believed was Thom's "last and usual place of abode." Clifton did not make a written notation on the carbon copy that it was a "correct copy." The summons directed Thom to appear before Clifton on January 28, 1991, to testify and produce specific documents and records pertaining to his tax liabilities. Thom appeared on January 28 as directed, but failed to comply with the summons.
 
 
 3
 On the petition of Clifton and the United States, the district court ordered Thom to comply with the summons. Thom asserts that the district court erred in ordering him to comply with the summons because: (1) Clifton left the summons at the home of Thom's girlfriend, rather than at Thom's home at 1825 E. 10th Street, Glencoe, Minnesota; (2) Clifton issued the summons on a form that was applicable to third-party recordkeepers rather than to taxpayers; (3) the copy of the summons served by Clifton was not an "attested copy"; and (4) Thom was entitled to assert the Fifth Amendment privilege against self-incrimination.[2]
 
 
 4
 The district court properly granted the petition to enforce the summons. Service of an "attested copy" of the original summons and service of that copy at the summoned party's "last and usual place of abode" are administrative steps required by statute. 26 U.S.C. § 7603. The IRS's failure to follow such steps, however, does not preclude the enforcement of the summons. See Mimick v. United States, 952 F.2d 230, 232 (8th Cir. 1991) (in determining whether to enforce summons when IRS has failed to comply with administrative requirements, court should consider seriousness of violation under all circumstances, including whether IRS acted in good faith and degree of harm imposed by IRS's unlawful conduct). Because Clifton did not make a written notation of correctness on the carbon copy of the original summons, the carbon copy was not an "attested copy." See id. We conclude, however, that this defect did not render the summons unenforceable because there is no evidence that the IRS did not act in good faith, the copy served was in fact a true and correct copy of the original, and there is no indication that Thom hesitated to act or lost substantial rights because of the lack of service of an attested copy. See id.[3] Additionally, even if the 211 Varner address was not Thom's "last and usual place of abode," there was no indication that Clifton acted in bad faith in leaving the copy of the summons at that address. Thom admitted that his girlfriend lived at that address and forwarded the copy to him.
 
 
 5
 Thom had no right to assert a blanket Fifth Amendment privilege against self-incrimination. See United States v. Dick, 694 F.2d 1117, 1119 (8th Cir. 1982) (per curiam) (taxpayer may not refuse to answer questions or produce documents on basis of general claim of constitutional privilege, but should appear in response to summons and make specific objections to specific questions or demands for specific documents). Thom's Fifth Amendment claim also fails because Thom failed to show that answering Clifton's questions or producing the requested documents would present a substantial likelihood of incrimination. See United States v. Apfelbaum, 445 U.S. 115, 128 (1980); United States v. Reis, 765 F.2d 1094, 1096 (11th Cir. 1985) (per curiam). Finally, we conclude that there is no merit to Thom's argument that he was served with the wrong summons form.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Robert G. Renner, United States District Judge for the District of Minnesota, adopting the findings and recommendation of the Honorable J. Earl Cudd, United States Magistrate Judge for the District of Minnesota
 
 
 [2]
 Thom also argues for the first time on appeal that the summons was defective because it failed to name the third party and the documents with reasonable certainty; service of the wrong summons form constituted an "improper purpose" and denial of due process; and the IRS abused the court's process by issuing the summons merely to harass Thom. Because Thom did not raise these arguments in the district court, they are not properly before us. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985). Thom does not reassert arguments raised in the district court that Clifton lacked authority to issue the summons and that the summons was invalid due to the IRS's improper assessment of taxes against him. Thus, Thom has abandoned these arguments
 
 
 [3]
 Although this court cautioned the IRS in Mimick, 952 F.2d at 232, to serve in the future an "attested copy" as those terms are defined in Mimick, the summons in this case was served prior to the Mimick decision