**E. Merwin WHEELER, Petitioner,**

v.

**UNITED STATES of America, and Internal Revenue Service, Respondents.**

**No. 1:06MC4.**

United States District Court, W.D. Pennsylvania.

Sept. 22, 2006.

---

E. Merwin Wheeler, Linesville, PA, pro se.

Brittney N. Campbell, U.S. Department of Justice, Washington, DC, for Respondent.

## MEMORANDUM ORDER

MCLAUGHLIN, District Judge.

This matter concerns an administrative summons served by the Internal Revenue Service ("IRS") upon the First National Bank relative to the IRS's investigation into the federal income tax liabilities of Petitioner E. Merwin Wheeler for the years 1999 through and including 2005. Wheeler failed to file federal income tax returns for those years and, consequently, the IRS initiated an investigation under 26 U.S.C. § 7601 to determine the amount of income received by Wheeler during that period.

Wheeler filed a petition to quash the summons, arguing that the summons is overly broad, the government has failed to comply with the requirements set forth in 26 U.S.C. § 7609, and the First National Bank is not a third-party recordkeeper. The IRS cross-moved to enforce its summons. We have jurisdiction over this matter pursuant to 26 U.S.C. §§ 7402(b), 7604, and 7609(h)(1).

When enforcement of an IRS summons is challenged, the government has the initial burden of showing: (i) that the summons was issued for a proper purpose, (ii) that the information sought may be relevant to that purpose; (iii) that the information sought is not already in possession of the IRS, and (iv) that the government has complied with the administrative steps required by law with respect to the issuance and service of a summons. *See United States v. Powell,* 379 U.S. 48,

57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Conner v. United States*, 434 F.3d 676, 680 (4th Cir.2006); *United States v. Rockwell Intern.*, 897 F.2d 1255, 1262 (3d Cir.1990). The government's burden to produce a *prima facie* showing of good faith in issuing the summons is only slight or minimal and can be satisfied by the IRS agent's affidavit averring that the *Powell* elements have been met. *See Conner*, 434 F.3d at 680; *Rockwell Intern., supra*, at 1262.

■ In this case, the IRS has submitted a declaration from Revenue Officer H.A. Williamson stating that: (i) he is examining Wheeler's tax liability for the years 1999 through 2005 because Wheeler has not filed a federal income tax return for those years, (ii) the summons is relevant to the investigation in that the information sought is needed to ascertain Wheeler's true tax liability for the years in question, (iii) the information sought is not currently in the possession of the IRS, and (iv) the IRS issued the summons in compliance with all administrative steps required by the Internal Revenue Code. (*See* Williamson Decl. [Doc. # 6] at ¶¶ 2, 5, 8–10.) This declaration satisfies the government's *prima facie* burden under *Powell*. *See McGugan v. Katzmar*, No. 05–2667(MLC), 2005 WL 3610040 at *3 (D.N.J. Nov.14, 2005); *Steiniger v. U.S. Comm'r of Internal Revenue*, No. 04–4044, 2005 WL 375653 at *3 (E.D.Pa. Feb.16, 2005); *Gaunt v. Internal Revenue Serv.*, No. 96–0022, 1996 WL 376341 (M.D.Pa. May 1, 1996).

Officer Williamson's declaration further states that the pending investigation has not been referred to the Department of Justice, nor has any recommendation been made to the DOJ for a grand jury investigation or criminal prosecution of Wheeler for the tax years under investigation. Moreover, according to Officer Williamson, the IRS is not delaying such a recommen-

dation to the DOJ and the DOJ has made no request for disclosure of any return or return information under 26 U.S.C. § 6103(h)(3)(B). (Williamson Decl. at ¶ 12.) Thus, this is not a situation in which the IRS is attempting to circumvent constitutional limitations on the collection of information during a pending criminal prosecution. *See McGugan, supra*, at *3; *Steiniger, supra*, at *3.

■ Once the government satisfies its *prima facie* burden, the taxpayer retains the right to challenge the IRS's summons by disproving one or more of the *Powell* requirements or by otherwise demonstrating that enforcement of the summons will result in abuse of the court's process. *Rockwell Intern., supra*, at 1262. To do so,

> a taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice. *See Thornton v. United States*, 493 F.2d 164, 167 (3d Cir.1974). In the absence of such a response by the taxpayer, uncontested allegations in the Government's petition and affidavit must be accepted as admitted. Moreover, if at this stage the taxpayer cannot refute the government's Prima facie Powell showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.

*United States v. Garden State Nat. Bank*, 607 F.2d 61, 71 (3d Cir.1979). *See also Jackson v. United States*, No. Civ. A. 95–2863, 1995 WL 563815 at *2 (E.D.Pa. Sep.21, 1995). Because Wheeler has not asserted under oath specific facts that demonstrate the existence of a genuine issue of material fact on a legally sufficient defense to the summons, *Smith v. Fournier*, 614 F.Supp. 314, 316 (E.D.Pa.1985), no evidentiary hearing is required. *Moutev-*

*elis v. United States,* 727 F.2d 313, 315 (3rd Cir.1984). We note that summons enforcement actions are intended to be summary in nature. *Rockwell Intern., supra,* at 1261; *Jackson, supra,* at *2.

Moreover, even if Wheeler *had* provided a statement made under oath attesting to the facts set forth in his petition to quash, we would be compelled to deny his petition on the merits. None of his assertions state a sufficient legal basis for quashing the summons.

■ Wheeler argues, for example, that the summons is so broad in scope as to lack any legitimate purpose, but this assertion has no support in the record. *Powell*'s requirement that the summons be issued for a legitimate purpose simply means that the summons must have been issued in good faith pursuant to one of the powers granted under 26 U.S.C. § 7602; the government is not required to delineate a narrow and specific purpose. *Rockwell Intern., supra,* at 1262–63. Nevertheless, Officer Williamson's declaration explains that, during his investigation into Wheeler's potential tax liability, he discovered that Wheeler was a partner in the Wheeler Farms partnership and that he is also associated with Maple Dairy, LLC, an entity created in June of 2003. (*See* Williamson Decl. At ¶ 4.) Accordingly, Officer Williamson directed First National Bank to produce:

[c]opies of the following for any account in the name of Maple Dairy, LLC or Wheeler Farms or Earl Merwin Wheeler (aka E M Wheeler, Earl M Wheeler, E Merwin Wheeler) for the period January 1, 1999 to December 31, 2005:

1.) monthly bank statements

2.) fronts of all cancelled checks except any issued to Earl Merwin Wheeler (aka E M Wheeler, Earl M Wheeler, E Merwin Wheeler);

3.) the front and back of any check issued to Earl Merwin Wheeler (aka E M Wheeler, Earl M Wheeler, E Merwin Wheeler);

4.) deposit tickets and deposited items including cashed out foreign items;

5.) wire transfers in or out of any said accounts . . .

(*See* Williamson Decl., Ex. 1.)

Officer Williamson's administrative summons is supported by 26 U.S.C. § 7602, which gives the IRS authority to issue summonses "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . . or collecting any such liability." 26 U.S.C. § 7602(a). Pursuant to this authority, the IRS may (among other things) "examine any books, papers, records, or other data which may be relevant or material to such inquiry" and/or "summon the person liable for tax . . . or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax . . . or any other person the [Treasury] Secretary may deem proper" to appear and produce records or provide sworn testimony relevant to the inquiry. *Id.* at § 7602(a)(1) and (2).

■ As the government observes, Congress has given the IRS an extraordinarily broad mandate to enforce the internal revenue laws, including the intentionally broad powers contained in § 7602. *See United States v. Arthur Young & Co.,* 465 U.S. 805, 816, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984) ("In order to encourage effective tax investigations, Congress has endowed the IRS with expansive information-gathering authority; § 7602 is the centerpiece of that congressional design."). Indeed, the IRS's administrative subpoena power is not dependent upon the existence of probable cause, but can be utilized

"merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Powell, supra,* at 57, 85 S.Ct. 248 (describing investigative powers of the Federal Trade Commission and analogizing them to investigative powers of the IRS) (internal quotation and citation omitted). Moreover, under § 7602, the IRS is entitled to subpoena information that has only *"potential* relevance" to the investigation. *See Rockwell Intern., supra,* at 1263 (citing *Arthur Young & Co., supra,* at 814, 104 S.Ct. 1495) (emphasis in the original).

Here, as the government notes, Wheeler is being investigated relative to his federal income tax liability for 1999 through 2005, years for which Wheeler failed to file any federal income tax returns.[1] We find that the summons is not overly broad in that the information sought will potentially help the government determine the true and correct amounts of all income received by Wheeler during that period. Accordingly, we reject Wheeler's assertion that the government's investigation constitutes a mere "fishing expedition" or is otherwise illegitimate.

Wheeler next argues that the summons should be quashed because it does not strictly conform to certain procedural requirements set forth in 26 U.S.C. §§ 7603 and 7609. Section 7603(a) states that the Secretary shall serve an administrative summons by delivering *"an attested copy "* of the summons "in hand to the person to whom it is directed, or left at his last and usual place of abode." 26 U.S.C. § 7603(a) (emphasis supplied). When the IRS issues a third-party summons, § 7609 further requires that notice and a copy of the summons be served upon any person identified in the summons. Service of this notice copy may be made in accordance with

§ 7603 (i.e., by in-hand delivery or by leaving the notice at the taxpayer's last abode), by certified or registered mail to the person's last known address, or by leaving the notice copy with the party being summoned. 26 U.S.C. § 7609(a)(2).

■■■ Wheeler contends that the summons is deficient because it was not "attested" and was not properly served. For purposes of § 7603, an "attested copy" of a summons is "one which has been examined and compared with the original, with a certificate or memorandum of its correctness, signed by the persons who have examined it." *Mimick v. United States,* 952 F.2d 230, 232 (8th Cir.1991) (citing authority). Assuming only for the sake of argument that Wheeler was *not* served with an attested copy, we nevertheless find this alleged deficiency insufficient grounds for quashing the summons.

For one, a majority of courts have ruled that, where an administrative summons is served on a third-party recordkeeper, the attestation requirement of § 7603 pertains only to the third-party recordkeeper and not to the taxpayer receiving a notice copy of the summons under § 7609. *See Kondik v. United States,* 81 F.3d 655, 657 (6th Cir.1996) ("[W]e hold that § 7609 requires only that taxpayers be served with copies, not attested copies...."); *Fortney v. United States,* 59 F.3d 117, 120 (9th Cir.1995) (finding that the absence of an express attestation requirement in section 7609 is dispositive of Congress's intent); *Codner v. United States,* 17 F.3d 1331, 1334 (10th Cir.1994) ("Congress did not intend to require that notice copies of summonses served on taxpayers be attested."). *Accord Sochia v. United States,* No. Civ. A. SA–04–CA–0612, 2004 WL 1790170 at *3 (W.D.Tex., Aug.11, 2004); *Villella v. Unit-*

---

1. Wheeler's argument that the government has failed to overcome the presumption that

he is a "nontaxpayer" is specious and need not be addressed further.

*ed States,* No. 99 CV 3975 DC, 2000 WL 968773 at *5 (S.D.N.Y. July 12, 2000). These cases are persuasive authority that the IRS was not legally required under § 7609 to serve an attested notice copy of the summons on Wheeler.

Nevertheless, even if the IRS *was* required under § 7609 to serve an attested copy upon Wheeler, its failure to do so would not be *per se* grounds to quash the summons. We note that only one appellate court, the Eighth Circuit Court of Appeals, has held that § 7609 requires the IRS to serve an attested notice copy of a third party summons on the taxpayer. *See Mimick, supra,* at 231–32. In *Mimick,* however, the Eighth Circuit found that the summonses were enforceable notwithstanding the lack of attestation because there was no evidence that the summoned party had lost substantial rights as a result of the lack of attestation, and because the summonses had in fact been true and correct copies of the originals and, aside from the lack of attestation, fully complied with the requirements of 26 U.S.C. 7603. *Id.* at 232. In this case, Wheeler has offered no evidence to show that the alleged lack of attestation prejudiced any substantial right or misled him in any way; on the contrary, Wheeler was able to timely file a motion to quash the summons notwithstanding the alleged lack of attestation. Moreover, there is no evidence that the copy of the summons served on Wheeler differs in any way from the original. Thus, Wheeler's complaint that his summons was unattested fails to state a basis for quashing the summons. *See Miller v. United States,* 202 F.3d 274 (Table No. 99–2349), 1999 WL 1100162 (7th Cir. Nov.30, 1999) (declining to decide whether attested notice is required, but finding unattested notice sufficient where the plaintiff was not misled). *Accord O'Doherty v. United States,* No. 05 C 3639, 05 C 3995, 2005 WL 3527271 at *3 (N.D.Ill., Dec.20, 2005) (assuming attested notice is required, lack of attestation was not grounds for quashing summons where taxpayer failed to state how lack of attestation misled or prejudiced him); *U.S. v. Klimek,* No. Civ. A. Nos. 91–4682, 91–4681, 1992 WL 99634 at *3 (E.D.Pa., April 29, 1992) (denying motion to quash summons where taxpayer had offered no evidence that the lack of attestation had prejudiced him and there was no evidence that copy of summons served differed in any way from the original).

■ Wheeler also contends that the summons was deficient because it was not hand-delivered or left at his last and usual place of abode and was not accompanied by a certificate of service. These contentions also lack legal merit. Section 7603, the provision upon which Wheeler apparently relies, pertains to service of administrative summonses on third-party recordkeepers, not upon the taxpayer referenced in the summons. Section 7609 is the relevant provision governing service of the notice copy upon the taxpayer. That provision sets forth no requirements relative to a certificate of service. Moreover, although § 7609 states that service of the notice copy *can* be made by the methods set forth in § 7603, those are not the *exclusive* methods of service permitted under § 7609. In fact, § 7609 expressly permits service to be made by sending a notice copy to the taxpayer's last known address via certified or registered mail. *See* 26 U.S.C. § 7609(a)(2). The IRS has provided unrebutted evidence that the summons was sent by certified mail to Wheeler's mailing address on March 6, 2006.[2] Accordingly, the requirements of

---

**2.** Section 7603(b)(1) specifically contemplates that, in the case of summonses served upon

§ 7609 have been satisfied.[3]

■ Finally, Wheeler asserts that First National Bank is not a "third-party recordkeeper" for purposes of § 7603. This argument is easily disposed of. Section 7603 defines the term "third-party recordkeeper" to include, *inter alia*, "(A) ... any bank (as defined in section 581)..." 26 U.S.C. § 7603(b)(2)(A). Section 581, in turn, defines a "bank" as:

> a bank or trust company incorporated and doing business under the laws of the United States (including laws relating to the District of Columbia) or of any State, a substantial part of the business of which consists of receiving deposits and making loans and discounts, or of exercising fiduciary powers similar to those permitted to national banks under authority of the Comptroller of the Currency, and which is subject by law to supervision and examination by State or Federal authority having supervision over banking institutions. Such term also means a domestic building and loan association.

26 U.S.C. § 581. By any common sense reading of this provision, First National Bank is a "bank" and, thus, a "third-party recordkeeper" for purposes of § 7603.

As the government has made its *prima facie* case under *Powell* for enforcement of the summons, the burden shifted to Wheeler to prove that enforcement of the summons would be an abuse of the court's process. This burden is a "heavy one." *Kondik*, 81 F.3d at 656 (citing *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978)). Petitioner Wheeler has failed to demonstrate that enforcement of the summons would constitute an abuse of this Court's process. Accordingly,

IT IS HEREBY ORDERED, this 22nd day of September, 2006, that the Petition [Doc. # 1] to Quash IRS Summons filed by E. Merwin Wheeler is DENIED and the Motion [Doc. # 4] for Summary Enforcement of Summons filed by the IRS is GRANTED. The First National Bank is hereby directed to obey the summons, and each and every requirement thereof, compliance to occur at a future place and time to be determined by Revenue Officer Williamson or any authorized officer of the Internal Revenue Service.

---

third-party recordkeepers, the summons may be sent by certified mail to the recordkeeper's last known address. *See* 26 U.S.C. § 7603(b)(1). The IRS has submitted unrebutted evidence that, on March 6, 2006, it sent a copy of the summons to the address of First National Bank by certified mail.

3. Wheeler also cites to 26 U.S.C. § 6065 and 12 U.S.C. §§ 3403 and 3405 in arguing that the summons was deficient. These provisions are irrelevant to the instant dispute and, therefore, we do not address them further. *See Villella v. United States*, No. 99 CV 3975 DC, 2000 WL 968773 at *6 (S.D.N.Y. July 12, 2000) (rejecting petitioners' argument that, because summons lacked a "penalty of perjury" signature referenced in 26 U.S.C. § 6065, summons was defective; noting that § 6065 applies to tax returns and related documents submitted to the IRS, not to summonses issued by the IRS). *See also Kernan v. Internal Revenue Service*, No. MC–05–0172–PHX–JAT, 2006 WL 2091668 at *4 (D.Ariz. July 25, 2006) (where summons satisfied the requirements of the Internal Revenue Code, further compliance with the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 *et seq.*, was not required); 12 U.S.C. § 3413(c) ("... Nothing in this title prohibits the disclosure of financial records in accordance with procedures authorized by Title 26 [the Internal Revenue Code].").