17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert W. MITCHELL, Defendant-Appellant.
 No. 92-4120.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 
 2
 Neither party to this appeal has requested oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant was convicted of distribution of a controlled substance in violation of 21 U.S.C. 841(a)(1), conspiracy to possess with intent to distribute cocaine and to distribute cocaine in violation of 21 U.S.C. 846, distribution of a controlled substance within 1000 feet of a school in violation of 21 U.S.C. 860(a), money laundering in violation of 18 U.S.C.1956(a)(1)(A)(i), and aiding and abetting in those offenses in violation of 18 U.S.C. 2. In appealing his convictions, defendant argues three points: the district court erred in denying defendant's motion to suppress evidence; the district court abused its discretion in excluding defense witness testimony at trial; and the district court abused its discretion in denying defendant's motion for appointment of new counsel.
 
 Motion to Suppress
 
 4
 Our review of the district court's ruling on a motion to suppress evidence is for clear error. United States v. Soto, 988 F.2d 1548, 1551 (10th Cir.1993). We review de novo, however, the ultimate determination of reasonableness. Id. In applying these standards, we view the evidence in the light most favorable to the district court's ruling. Id.
 
 
 5
 Defendant moved to suppress from evidence copies of the pages of a ledger book that contained written records of drug transactions and activities. The book was found in a vehicle by Richard Long, who was a government informant at the time. The vehicle originally belonged to Long and was titled in Long's father's name. Long obtained cocaine from defendant and eventually incurred significant debts to him. As a result of conversations between defendant and Long regarding the debts, Long and his father relinquished possession of the vehicle to defendant in connection with the indebtedness. Long kept his set of keys. Long gave defendant a back-dated buyer's purchase order that indicated that defendant had purchased the vehicle with zero indebtedness and that acknowledged a $22,000 credit from defendant from some other vehicle. The district court found that the buyer's order was to allow defendant to obtain a loan on the already encumbered vehicle. The district court concluded that the purchase order was a sham but that, in any event, its only purpose was to enable defendant to obtain a loan on the vehicle. We find no clear error in the district court's factual findings.
 
 
 6
 Sometime after defendant acquired possession of the vehicle, he contacted Long and asked him to take the vehicle back, to try to get a loan on it, and to give the money to defendant. Long agreed and, with neither instruction nor limitation on Long's use of the vehicle by defendant, Long took possession of the vehicle. On the same day he regained possession of the vehicle, Long took it to a car wash to clean out the inside. When he tipped the driver's seat forward to clean, the book came into view. Long recognized the book as the same one in which defendant kept records of his drug transactions and information. Long informed his FBI agent contact of his discovery; he then made copies of the book and returned it to the vehicle. Long was unable to obtain a loan on the vehicle and returned the vehicle, with the book in it, to defendant. The vehicle was returned to Long shortly before defendant's arrest.
 
 
 7
 Defendant can claim protection of the Fourth Amendment only if he had a legitimate expectation of privacy in the vehicle in which the book was found. See Rakas v. Illinois, 439 U.S. 128, 143 (1978). We must "determine whether the defendant has exhibited a subjective expectation of privacy in the area searched, and also whether society is willing to recognize that expectation as being objectively reasonable." Soto, 988 F.2d at 1552. A legitimate expectation of privacy is often evidenced by ownership or lawful possession. See United States v. Arango, 912 F.2d 441, 445 (10th Cir.1990), cert. denied, 499 U.S. 924 (1991).
 
 
 8
 Defendant had no possessory interest in the vehicle because he had relinquished possession to Long. In addition, we agree with the district court that the evidence does not establish that defendant owned the vehicle. Giving Long the vehicle with no limitations or instructions as to Long's use certainly weighs against defendant's claimed expectation of privacy. Because defendant had no legitimate expectation of privacy in the vehicle, he cannot claim protection of the Fourth Amendment in seeking to exclude the copies of the book found in the vehicle.
 
 Witness Testimony
 
 9
 Defendant argues that the district court erred in excluding the testimony of two defense witnesses. The testimony of the first witness would have implicated Long, who testified for the government, in illegal activities while he was an FBI informant; the second witness would have corroborated the first witness's testimony. The district court excluded the testimony pursuant to Fed.R.Evid. 608(b), which prohibits the introduction of extrinsic evidence to prove specific instances of conduct of a witness.
 
 
 10
 We review the district court's exclusion of witness testimony for an abuse of discretion. United States v. Oles, 994 F.2d 1519, 1523 (10th Cir.1993). Ruling to exclude the testimony under Rule 608(b), the district court specifically cited the wide latitude taken on Long's cross-examination; defense counsel questioned Long about a variety of illegal activities. After reviewing the record, and taking the wide latitude of Long's cross-examination into consideration, we hold that the court's exclusion of the testimony was not an abuse of its discretion.
 
 Substitution of Counsel
 
 11
 Defendant requested, after conviction but before sentencing, that the district court appoint new counsel to represent him.[2] The district court denied the motion. We review the district court's refusal to substitute counsel for an abuse of discretion. United States v. Johnson, 961 F.2d 1488, 1490 (10th Cir.1992). " 'To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict.' " Id. (quoting United States v. Padilla, 819 F.2d 952, 955 (10th Cir.1987))(other citation omitted). The district court considered defendant's motion and discussed the motion with defendant and his counsel just before the sentencing hearing, Supp. R. vol. X at 2-8, and specifically found no basis upon which to appoint new counsel. Id. at 4. We cannot say that the district court abused its discretion in finding no cause to appoint new counsel and denying defendant's motion.
 
 
 12
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [2]
 Defendant's motion was one for recusal of the trial judge, as well as for appointment of new counsel. Defendant makes no argument on appeal regarding the district court's refusal to recuse