John E. **CODNER**, Petitioner–Appellant,

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 93–4125.

United States Court of Appeals,
Tenth Circuit.

Feb. 28, 1994.

**1332**

John E. Codner, pro se.

Michael L. Paup, Acting Assistant Attorney General, Charles E. Brookhart and Robert L. Baker, Attorneys, Tax Division, Department of Justice (Scott M. Matheson, Jr., United States Attorney, of Counsel), Washington, D.C., for respondent-appellee.

Before BALDOCK, BARRETT, and McKAY, Circuit Judges.

BALDOCK, Circuit Judge.

To determine whether petitioner-appellant John E. Codner had violated any Internal Revenue laws, the Internal Revenue Service issued twelve administrative summonses to various third parties requesting financial information regarding Codner. Codner timely filed a petition to quash the summonses on various grounds. IRS answered and filed a petition to enforce six of the summonses

issued to parties residing within the District of Utah.

The district court determined that it lacked jurisdiction over the petition to quash the summonses issued to the five parties who did not reside in the district, *see* 26 U.S.C. § 7609(h)(1), and to the Church of Jesus Christ of Latter–Day Saints because the Church was not a third-party recordkeeper, *see* 26 U.S.C. § 7609(a)(3). It therefore dismissed the portion of Codner's petition dealing with these six parties. After concluding that IRS had complied with the statutory requirements applicable to issuance of the remaining six summonses, the district court denied Codner's petition to quash and granted IRS's petition to enforce these summonses. Codner appeals. We have jurisdiction under 28 U.S.C. § 1291.[1]

IRS has broad authority to issue summonses in support of its efforts to determine taxpayers' tax liabilities. *See* 26 U.S.C. §§ 7601, 7602; *United States v. Arthur Young & Co.,* 465 U.S. 805, 816, 104 S.Ct. 1495, 1502, 79 L.Ed.2d 826 (1984). To enforce the summonses,[2] IRS must show

"that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS] Commissioner's possession, and that the administrative steps required by the Code have been followed...."

*United States v. Balanced Fin. Mgmt., Inc.,* 769 F.2d 1440, 1443 (10th Cir.1985) (quoting *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964)). IRS met its burden of showing the prima facie legitimacy of the summonses in this case through the affidavit of the special agent who issued them. *See id.* (IRS's burden is "slight" and is generally met through affida-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The only summonses properly at issue on this appeal are the six issued to parties residing within the District of Utah that IRS seeks to enforce.

Though in his reply brief Codner argues that the district court had jurisdiction over all of the summonses IRS issued, he failed to address the jurisdiction issue in his opening brief. He therefore abandoned that issue, and we will not address it on the merits. *Boone v. Carlsbad Bancorporation, Inc.,* 972 F.2d 1545, 1554 n. 6 (10th Cir.1992).

vit of agent issuing summons and seeking enforcement). Codner challenges enforcement of the summonses only under the fourth *Powell* factor, claiming that IRS failed to follow required administrative steps.

Codner contends that special agent John Howard did not have authority on his own to issue the summonses and that they needed the advance approval of his superior. In support of this contention, he cites IRS Delegation Order No. 4, ¶ 1(d), which limits certain IRS employees' authority to issue third-party summonses by requiring their superior's approval. However, as relevant here, that paragraph applies to revenue agents. Howard is a special agent, and his authority to issue summonses is not so limited and does not require a superior's approval. *See id.*, ¶ 1(c). Thus, this contention fails.

Codner also argues that 26 U.S.C. §§ 7603 and 7609(a) require that the copies of the summonses served on him be attested copies. Section 7603 states that the person to whom a summons is directed must be served with an attested copy of the summons. Section 7609(a)(1) requires that when a summons is issued to a third-party recordkeeper, notice of the summons must be given to the person (taxpayer) about whom information is sought and that notice should include a copy of the summons served. Section 7609(a)(2) states that notice may be served in the manner provided by § 7603 in addition to several other means of service. Codner contends that § 7609(a)(2)'s reference to § 7603 makes the latter section's attestation requirement applicable to the copy of the summons served on him. Because he was not served with attested copies, he claims the summonses are invalid.

Codner's primary case authority for an attestation requirement is *Mimick v. United States*, 952 F.2d 230 (8th Cir.1991). In that case, IRS did not serve either the third parties or the taxpayer with attested copies of the summonses. *Id.* at 231. Citing

§ 7603 but not § 7609(a), the court held that attested copies [3] must be served on both the third parties and the taxpayer. 952 F.2d at 231–32. Despite the lack of attestation, the court concluded that the summonses should be enforced because IRS had acted in good faith and had not previously interpreted § 7603 to require attestation on the copies served. The court noted that IRS was now on notice and future summonses should comply with its holding. 952 F.2d at 232.

We do not agree that IRS is required to serve attested copies on the taxpayer. We note first that this case differs factually from *Mimick* in that the third parties here were served with attested copies. Thus, the parties actually summoned and directed to provide information regarding Codner were assured that the copies of the summonses they received were accurate. The complaint here is only that Codner failed to receive attested copies of the summonses.

We do not read either § 7603 or § 7609(a) to require that the copy of the summons served on the taxpayer be attested. Only § 7603 contains any attestation requirement, and this requirement applies only to the persons to whom the summonses are directed, which in this case are the third parties.[4] Section 7609(a) does not specifically require service of attested copies on the taxpayer. The only way an attestation requirement can be read into this section is through subsection (a)(2)'s provision allowing service on the taxpayer to be made in accordance with § 7603. But we do not believe this provision incorporates § 7603's attestation requirement. Instead, we read it to state only that the specific means of service allowed under § 7603—personal service or leaving a copy of the summons at the person's last and usual place of abode—may be used in providing notice to the taxpayer.

The fact that service pursuant to § 7603 is only one means of serving notice on the

---

3. The court defined an attested copy of a document as "one which has been examined and compared with the original, with a certificate or memorandum of its correctness, signed by the persons who have examined it." *Mimick*, 952 F.2d at 232 (quotation omitted).

4. We need not address the issue of attestation when the summons is directed to the taxpayer rather than a third party.

taxpayer bolsters this conclusion. Section 7609(a)(2) also allows service to be made by mailing the notice to the taxpayer's last known address or leaving the notice with the person summoned. *See, e.g., Faber v. United States,* 921 F.2d 1118, 1119 (10th Cir.1990). Neither of these two methods of service requires attestation. We see no logic or purpose in requiring attestation when making personal service or leaving the notice at the taxpayer's last place of abode, but not when following the other two methods of service. We conclude that by omitting any specific attestation requirement in § 7609(a), while including one in § 7603, Congress did not intend to require that notice copies of summonses served on taxpayers be attested. *See generally Estate of Bell v. Commissioner,* 928 F.2d 901, 904 (9th Cir.1991) ("Congress is presumed to act intentionally and purposely when it includes language in one section but omits it in another.").

The judgment of the United States District Court for the District of Utah is AFFIRMED.