UNITED STATES COURT OF APPEALS

**Filed 8/8/96**

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ROBERT W. MITCHELL,

      Defendant-Appellant.

No. 95-4122
(D.C. No. 94-CV-925-S)
(D. Utah)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

Defendant Robert Mitchell appeals from an order denying his 28 U.S.C. § 2255 motion. We affirm.[1]

Defendant was convicted of various drug offenses and sentenced to three hundred sixty months' imprisonment. We affirmed his conviction on direct appeal. United States v. Mitchell, 17 F.3d 1437, 1994 WL 55597 (10th Cir. 1994)(table), cert. denied, 114 S. Ct. 2174 (1994).

Defendant filed this § 2255 motion on September 21, 1994. The district court denied it without holding a hearing "for the reasons outlined in the responsive pleadings of the United States." R. Vol. I, doc. 24. On appeal, defendant argues he was prosecuted in violation of the Double Jeopardy clause, and that trial and appellate counsel were ineffective for failing to raise this and other claims.

Initially, we reject the government's argument that, unless defendant can show cause and resulting prejudice for his failure to raise his ineffective assistance of counsel claims at sentencing and on direct appeal, they are procedurally barred. We held in United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995), that "claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255." However, his Double Jeopardy claim is barred because it was not previously raised,

---

[1] Because this appeal was properly before the court on the merits prior to the signing of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 (Apr. 24, 1996), we do not consider whether this appeal warrants a certificate of appealability. In any event, the question of the applicability of the Act is moot, since the disposition suggests the petition is moot.

unless he can show cause and resulting prejudice. United States v. Frady, 456 U.S. 152, 167-68 (1982). Counsel's ineffectiveness in not raising the Double Jeopardy claim can constitute cause excusing his procedural default. Medina v. Barnes, 71 F.3d 363, 370 (10th Cir. 1995).

To establish ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 690 (1984). The prejudice prong is established by proof of "a reasonable probability that, but for counsel's purported unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A claim of ineffective assistance is reviewed de novo. Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995), cert. denied, 116 S. Ct. 936 (1996).

Defendant contends that the civil forfeiture of his property barred a subsequent prosecution for the same conduct. In United States v. German, 76 F.3d 315, 319-20 (10th Cir. 1996), we adopted the view taken by several other circuits that if a defendant does not contest a civil forfeiture action by filing a claim, no jeopardy attaches and the protections of the Double Jeopardy clause are not invoked.[2] The record shows that no timely claim was filed. See United States v. Hardwell, 80 F.3d 1471, 1485 (10th Cir. 1996). We do not

---

[2] We applied German to all pending appeals in States v. Denogean, 79 F.3d 1010, 1013 (10th Cir. 1996). This appeal was pending on January 31, 1996, the date German was decided.

3

consider defendant's argument that he did file a claim to contest the forfeiture because this contention was not raised in the district court. Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). In fact, defendant stated in the district court that he was in default in the forfeiture proceedings. R. Supp. Vol. I, doc. 15 at 3.

We do not address defendant's argument, raised for the first time in his reply brief, that the failure to notify him he may be waiving his Double Jeopardy rights by not timely filing a claim bars the government from later claiming waiver. Codner v. United States, 17 F.3d 1331, 1332 n.2 (10th Cir. 1994). Because we conclude the Double Jeopardy issue lacks merit, counsel was not ineffective for failing to raise it, United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995), and defendant is procedurally barred from raising it in this proceeding.

The next issue is whether trial counsel was ineffective for not moving to suppress a videotape obtained pursuant to a search that was not authorized by a search warrant. Defendant does not refute the government's contention that the videotape was edited to delete all nudity, sexual paraphernalia, and sexual activity before it was shown to the jury. Further, the tape merely corroborated the testimony of one of the government's witnesses. Finally, we fail to see how the tape improperly attacked defendant's character, rather than that of the witness depicted in the tape. Defendant has not shown prejudice from counsel's failure to move to suppress the videotape.

We reject defendant's argument that all evidence seized in the search should have been suppressed pursuant to United States v. Medlin, 842 F.2d 1194, 1199 (10th Cir. 1988), because thirty tapes were seized that were not authorized by the warrant. Of the numerous items seized in the search, the tapes were included in a leather bag that also contained phone records. Phone records were specifically described in the search warrant. The record provides no indication that the warrant was used as a pretext for a general search.

Defendant also contends that counsel was ineffective for not moving to suppress results of the search because information used to obtain the search warrant was stale.

> [P]robable cause is not determined simply by counting the number of days between the facts relied on and the issuance of the warrant. Rather, whether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized.

United States v. Shomo, 786 F.2d 981, 984 (10th Cir. 1986) (citation omitted). If the property is likely to stay in the same place for a lengthy time, probable cause may be found despite the existence of a substantial delay between the event relied on and issuance of the warrant. Id. The passage of time is less critical where the affidavit recites facts indicating ongoing, continuous criminal activity. Id.

The affidavit stated that defendant had been involved in ongoing, continuous drug activities for at least the past three years. It further stated that he kept large amounts of cash at his home that was a direct result of his drug activities, that he or a subordinate traveled every four to six weeks to other locations to purchase three to six kilograms of cocaine, that

5

he traded cocaine for firearms which he kept at his residence, and that he kept notes pertinent to cocaine trafficking. The items sought included records pertinent to drug trafficking, cash, firearms, and vehicles. Under these circumstances, we conclude the information provided by the informants was not too stale to support probable cause for the search.

Defendant further argues that the affidavit omitted material information that one of the informants unsuccessfully tried to make controlled buys from defendant. "[I]t is a Fourth Amendment violation to knowingly or recklessly omit from an affidavit [in support of a search warrant] information that would have vitiated probable cause." United States v. Knapp, 1 F.3d 1026, 1029 (10th Cir. 1993). If the affidavit would have shown probable cause existed assuming the omitted facts were included, no grounds for suppression exist. See id. Even if the omitted information had been included, there was more than ample other information to support a finding of probable cause for the search. We conclude trial counsel was not ineffective for failing to move to suppress the results of the search.

Defendant next argues that trial counsel was ineffective for failing to engage in pretrial preparation, interview witnesses, or object to the introduction of certain evidence. We conclude defendant failed to show ineffective assistance of counsel. Even if evidence that Richard Long had unsuccessfully attempted to make controlled buys from defendant had been disclosed, we do not believe this would have changed the outcome of the trial, based on the other overwhelming evidence of guilt. Further, defendant failed to identify any other allegedly exculpatory evidence that would have been discovered if counsel had interviewed

6

Richard Long. As already discussed, the videotape was edited to eliminate all sexually explicit scenes and merely corroborated a witness's testimony. Defendant has not demonstrated that the danger of unfair prejudice from exhibits 18 and 19 (sexually explicit photographs) substantially outweighed their relevance in showing the social nature of defendant's relationship with some of the witnesses. There has been no showing that government witnesses would have testified as to what is a normal investigative procedure. Defendant has not identified the coconspirator statements to which counsel should have objected. All of the items that were sent to the jury room had been shown to the jury when they were identified, so counsel's failure to object to their being sent to the jury room could not prejudice defendant. There was more than ample evidence that the witnesses saw the contents of the packages of cocaine on several occasions and identified it as such.

Defendant next argues that trial counsel was ineffective for failing to object to testimony that $69,000 was obtained from the proceeds of sales of cocaine. He claims this testimony was speculation because he never told the witnesses that the money constituted proceeds from cocaine sales. He has not identified the testimony to which counsel should have objected, so we cannot review this contention. We note, however, it would not be necessary for defendant to have told witnesses that the money was derived from cocaine sales if the witnesses' testimony was based on their own observations. We do not address defendant's contention that the government failed to prove its case on the money laundering count under United States v. McDougald, 990 F.2d 259 (6th Cir. 1993), because it is raised

7

for the first time in his reply brief. Codner, 17 F.3d at 1332 n.2.

The next contention is that trial counsel was ineffective for failing to ensure that all materials favorable to the defense were disclosed. Defendant has not refuted the government's assertion that it turned over all such materials, and we do not address his claim that the government failed to disclose Richard Long's testimony at John Gutke's grand jury because it is raised for the first time on appeal. Defendant does argue that information relating to an investigation conducted before December 21, 1990, was withheld in violation of the Jencks Act. This Act requires the government, on motion of a defendant, to produce any "statement" of a witness it has called that relates to the subject matter to which the witness has testified. 18 U.S.C. § 3500(b). Defendant has made no showing the government had in its possession any pre-December 21, 1990 statements of witnesses it had called. Thus, he has not shown counsel was ineffective for failing to ensure such evidence was turned over.

Defendant next contends that trial counsel was ineffective for failing to object to the district court's application of U.S.S.G. § 2D1.2(a)(1). This guideline provides for a two-point increase in the base offense level "applicable to the quantity of controlled substances directly involving a protected location." Defendant correctly points out that, under the application note to this section, the two-point increase applies only to quantities of drugs involved in transactions near a protected location. He argues that the district court improperly increased his base offense level for cocaine that was not involved in transactions

8

near the school (the "protected location") as well as for amounts that were involved in transactions near the school. However, defendant has not provided any citation to the record supporting his assertion that some of the cocaine on which the district court based the sentence was not involved in transactions taking place near a protected location. We will not search the record to provide support for his argument. SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992).

Defendant argues that trial counsel was ineffective because he did not object to the district court's application of U.S.S.G. § 2D1.1(b)(1), which added two points to his base offense level for possession of a dangerous weapon. He contends there was no evidence that he used a firearm during the commission of any drug transaction. However, § 2D1.1(b)(1) allows an enhancement when a firearm is possessed during an offense; it does not have to be used. Bailey v. United States, 116 S. Ct. 501, 509 (1995); see United States v. Lang, 81 F.3d 955, 963 n.4 (10th Cir. 1996). The application note to § 2D1.1(b)(1) provides that the adjustment should be applied if a weapon was present, unless it is clearly improbable the weapon was connected with the offense. See Lang, 81 F.3d at 964. There is ample evidence that defendant carried or wore a firearm when he engaged in drug transactions. See, e.g., R. Supp. Vol. III at 160-62. Defendant has pointed to no evidence showing it was clearly improbable the firearm was connected with the offense. Thus, he has not shown counsel was ineffective for failing to raise this objection.

Defendant next claims counsel was ineffective because he failed to object to the

district court's calculation of the quantity of drugs attributable to defendant as relevant conduct. The district court determined that forty-eight kilograms of cocaine were attributable to defendant's conduct, resulting in a base offense level of thirty-four. U.S.C.G. § 2D1.1(c)(5).

A district court's drug quantity determination will not be disturbed unless it has no record support or unless we are firmly convinced that an error has been made. United States v. Sloan, 65 F.3d 149, 151 (10th Cir. 1995). The sentencing court may estimate the amount of drugs attributable to a defendant if the information on which the estimate is based has some support in the facts of the case and bears "sufficient indicia of reliability." United States v. Wacker, 72 F.3d 1453, 1477 (10th Cir. 1995) (quotation omitted).

Our review of the record convinces us that the district court's computation of the quantity of drugs attributable to defendant has record support, and counsel therefore was not ineffective for failing to object to that computation. Donna Bennett testified that she transported two kilograms of cocaine for defendant on three separate occasions. R. Supp. Vol. IV at 66, 74, 77. She knew what it was because her husband, Duane, broke open the packages so he could snort some of the cocaine. Id. at 69. Bennett herself was a regular user of cocaine. Id. at 48. Ryan Nielson testified that he transported three kilograms of cocaine for defendant on three occasions, R. Supp. Vol. VI at 167, 189; R. Supp. Vol. VII at 2, and another kilogram on another occasion, R. Supp. Vol. VI at 196. He saw the contents of one of the packages because it was cut open. Id. at 167. Nielson was a former narcotics officer.

<u>Id.</u> at 144. Defendant's sister, Cindy Broadbent, testified that she transported seven kilograms of cocaine for defendant. R. Supp. Vol. II at 141. She knew what it was because one of the packages was opened and the contents broken down. <u>Id.</u> at 140. This testimony, alone, places defendant well within the base offense level of thirty-four. The district court would have had to find that less than fifteen kilograms were involved for a lower base offense level to apply.

Finally, defendant's contention that the district court erred in forcing defendant to proceed with trial counsel at sentencing after there had been a breakdown in communications was raised in his direct appeal and may not be relitigated. <u>See</u> <u>Galloway</u>, 56 F.3d at 1242. Therefore, the judgment of the United States District Court for the District of Utah is AFFIRMED. The request to supplement the record is denied. The request to amend the opening and reply briefs is denied as moot. The mandate shall issue forthwith.

Entered for the Court


Nathaniel R. Jones
Senior Circuit Judge

11