F I L E D
United States Court of Appeals
Tenth Circuit

MAR 23 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT NELSON ENTRUP,

       Plaintiff-Appellant,

v.

CITY OF CENTRAL, COLORADO;
JACK HIDAHL, individually and as
the Administrator and Manager of the
City of Central; JERRY DEVITT,
individually and as the Attorney for
the City of Central; MICHAEL
MASKO, individually and as City
Planner for the City of Central and
SCOTT WEBB, individually and as
former councilman for the City of
Central,

       Defendants-Appellees,

and

CENTRAL MUNICIPAL COURT;
FREDERICK RODGERS, individually
and as the Municipal Court Judge of
the City of Central Municipal Court
and THE CITY COUNCIL OF THE
CITY OF CENTRAL, IN RE: CITY
OF CENTRAL ORDINANCE NO.
252,

       Defendants.

No. 98-1237
(D.C. No. 93-WM-904)
(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Robert N. Entrup, who managed a bed and breakfast in Central City, Colorado, brought suit against the city and various officials and employees for alleged civil rights violations arising out of the enforcement of certain zoning ordinances against plaintiff, his son, and his business.  In an earlier appeal, we affirmed the district court's dismissal of all but one of plaintiff's claims.        See Entrup v. City of Central City    , No. 94-1422, 1995 WL 307578, at **2-**4 (10th Cir. May 11, 1995) (unpublished order and judgment).  We concluded that the district court erroneously dismissed plaintiff's claim that he had been retaliated

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

against by certain defendants for his participation in a recall election, and we remanded that claim for further proceedings. See id. at \*\*4.

On remand, the parties filed cross motions for summary judgment. The district court denied plaintiff's motion and granted defendants' motion, concluding that plaintiff failed to establish any retaliatory animus on the part of the individual defendants and that he failed to establish any policy or custom that would form the basis for municipal liability. Plaintiff now appeals the entry of judgment in favor of defendants on his retaliation claim.

Plaintiff sought leave from the district court to proceed *in forma pauperis* on appeal, but the district court denied plaintiff's request. Plaintiff has renewed his motion with this court. We may authorize the commencement of an appeal without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1). Section 1915(e)(2)(B)(i), however, requires us to dismiss the case at any time if we determine that the appeal is frivolous. Based upon our review of plaintiff's opening brief, we conclude that this appeal is frivolous.

Plaintiff attempts to raise two issues in his opening brief. His first issue concerns the municipal court's denial of his request for a jury trial in the zoning ordinance enforcement proceedings. This issue was raised in plaintiff's first appeal and was decided against him. See Entrup, 1995 WL 307578, at \*\*3. For his second issue, plaintiff simply states: "Appellant's case is best stated in his

Motion for Reconsideration and Appellant prays this Honorable Court to refer to that motion." Appellant/Petitioner's Opening Br. at 12. Plaintiff makes no other argument in his opening brief, though he does list some additional issues in his reply brief.

"Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991). "[A]rguments not set forth fully in the opening brief are waived." Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 624 (10th Cir. 1998). Plaintiff's attempt to adopt by reference materials filed in the district court rather than set forth his dispute with the district court's reasoning in his appellate brief is not acceptable appellate argument. See id. at 623-24; see also Fed. R. App. P. 28(a)(6). Even if we were to consider the "Motion for Reconsideration" to which plaintiff refers in his appellate brief, that motion does not discuss how the district court erred in granting summary judgment for defendants, either.

As to plaintiff's reply brief, we follow the general rule that issues must be raised in the opening brief, and we will not address issues raised for the first time in a reply brief. See Codner v. United States, 17 F.3d 1331, 1332 n.2 (10th Cir. 1994). Moreover, even if we did consider the arguments raised in plaintiff's reply

brief, they also fail to point to error in the district court's rulings, except in the most conclusory fashion. The only specific argument that plaintiff makes in his reply brief relates to the timeliness with which the city argued that certain individuals were not final policymakers and, therefore, their actions could not create municipal liability. Plaintiff's suggestion that the city waived the issue by not raising it until summary judgment is frivolous, because plaintiff was the party who bore the burden of proof on that issue.

Because the only error that plaintiff raises in his opening appellate brief relates to an issue that was conclusively decided against him in an earlier appeal, we conclude that plaintiff's appeal is frivolous. Therefore, we DENY plaintiff's motion to proceed *in forma pauperis* on appeal, and we DISMISS this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-5-