**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FERNANDO BUSTILLO,

    Plaintiff-Appellant,

v.

KATHLEEN HAWK; G.
HERSHBERGER; T. FLEMING;
JENIFER GRUNDY; LOUIS WINN;
R. BRYANT; ROBERT BAYSINGER;
R. K. STEVEN; KAREN TODD; T.
SMITH; T. JENKS; J. BENAVIDEZ;
J. RYMER; ELENA WHITE; MAX
DEAKINS; DAVID GRAYSON;
MICHELLE GREEN; JEAN
EDWARDS; J. OLIVER; M. E.
SWOPE; JOHN BATULIS;
ADAM HOLLADAY; MICHAEL
BERGER; RICHARD BROWN;
MICHAEL BERNHARDT; J.
BALTAZAR; R. KURETICH; B.
TARNASKI; M. MANESS; M.
BARRY, in their official and
individual capacities,

    Defendants-Appellees,

      and

PATRICK KANE; CLARENCE
STRATMAN; R. RAU, in their
official and individual capacities,

    Defendants.

No. 04-1069
(D.C. No. 97-WM-445 (PAC))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Fernando Bustillo is a prisoner at the United States Penitentiary-Administrative Maximum at Florence, Colorado, where he has been serving, in addition to other sentences, a life sentence for murder. He brought this civil rights suit under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), asserting numerous claims under the First, Fifth, and Eighth Amendments against thirty-three defendants–including prison guards, their supervisors, the warden, the assistant warden, prison librarians, prison medical staff, and others–in both their individual and official capacities. His claims were based on events in 1996 that he characterized as "an

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ongoing campaign of harassment, intimidation, and violence against plaintiff in retaliation for petitioning the Courts for redress of grievances." R., Complaint at 1.

Appellant originally filed this suit in the District Court for the District of Columbia in August 1996, but after some initial, non-dispositive proceedings, it was transferred to the District of Colorado. The claims against defendant Kane were dismissed due to his death. The claims against defendant Stratman were dismissed on May 25, 2000, before he ever filed a responsive pleading in the district court. Id., Doc. 257; Doc. 261, at 2-3. Defendants-appellees maintain that defendant Rau was never served and did not appear in the district court, although they do not point to any district court order stating as much; it suffices for us to say that appellant does not raise any specific issue with respect to defendant Rau until his reply brief, and it is therefore deemed waived, see Codner v. United States, 17 F.3d 1331, 1332 n.2 (10th Cir. 1994). The district court granted in full the dispositive motions filed by the following twenty defendants: Barry, Benavides, Berger, Bernhardt, Brown, Bryant, Deakins, Edwards, Fleming, Grayson, Green, Grundy, Hawk, Holladay, Hershberger, Rymer, Steven, Todd, White, and Winn. R., Docs. 195, 207, 211, 249, 261, 386, 403. The district court granted in part the dispositive motions filed by the following ten defendants: Baltazar, Batulis, Baysinger, Jenks, Kuretich, Maness, Oliver, Smith, Swope, and

Tarnaski.  Id., Docs. 195, 211, 249, 261, 386, 403.  The remaining claims against the latter defendants were tried to a jury.  Upon the close of the evidence at trial, the district court dismissed the claims against defendant Swope, id., Doc. 501, and the claims against defendants Baltazar and Jenks were dismissed on stipulation of the parties, id.  The jury returned a verdict in favor of the remaining defendants.  Id., Docs. 503, 506.  Appellant appeals, appearing pro se on appeal.  The district court granted appellant leave to proceed in forma pauperis on appeal.

Appellant designates six, and only six, issues for appeal.  See Aplt. Reply Br. at 26.  These six issues (which we list in a different order than appellant presented them in his opening brief) are:  (1) whether he was denied an impartial judge and magistrate judge; (2) whether the district court abused its discretion in denying his numerous motions for sanctions; (3) whether the district court knowingly employed improper procedures in denying documents that he had subpoenaed; (4) whether the district court denied him due process and equal protection of the laws by holding a jury trial via closed-circuit television where he was in shackles and a stun belt; (5) whether the district court lacked jurisdiction to grant defendants an extension of time to file their bill of costs; and (6) whether defendants were entitled to summary judgment on his claims for interference with access to the courts; interference with access to the prison's grievance procedures; denial of exercise, running water in his cell, and medical treatment

for his hepatitis and hunger pains; retaliation; and unconstitutional disciplinary proceedings.

First, we briefly address what appellant has not challenged on appeal. Appellant does not challenge the district court's dismissal of his claims for money damages against all of the defendants in their official capacities as barred by sovereign immunity. Therefore, those dismissals are affirmed without discussion. Appellant has not raised an issue challenging the district court's dismissal of some of his claims under Fed. R. Civ. P. 12(b)(6). Therefore, those decisions are affirmed without discussion. Appellant does not challenge the jury instructions or the jury verdicts, and they are affirmed without discussion.

Now we address the issues appellant has actually raised. Appellant argues that the district court erred in deciding to hold the trial by closed-circuit television and to allow appellant and his inmate witnesses to be kept in full restraints. Appellant challenged the use of full restraints before trial, see R., Doc. 498, at 1-2, and his objection to conducting the trial by closed-circuit television is noted in the final pretrial order, id., Doc. 434, at 23 at Part 9. But he utterly fails to address on appeal the district court's obvious reason for its rulings–that these measures were necessary to maintain security, considering that appellant and his inmate witnesses are prisoners in the highest security prison in the nation. See, e.g., id., Doc. 526, at 3. Appellant's conclusory arguments that

closed-circuit television impairs the senses of sight and hearing and that restraints limited his movement are frivolous.

Appellant's arguments that he was denied an impartial judge and magistrate judge are frivolous. Adverse rulings alone are rarely sufficient to demonstrate bias. Liteky v. United States, 510 U.S. 540, 555 (1994). Appellant's allegations of judicial deceit, perjury, and bias are based on nothing but his opinion and speculation, and are therefore insufficient to form a basis for recusal. See Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).

Appellant's arguments that the district court abused its discretion in denying his numerous motions for sanctions against defense counsel and his appointed counsel are frivolous and do not warrant discussion.

Appellant's argument that the district court knowingly employed improper procedures in denying documents that he had subpoenaed is frivolous. He fails to identify the specific documents he means, and fails in his obligation to provide a legal basis for any document to have been procured. See Phillips v. Calhoun, 956 F.2d 949, 953 (10th Cir. 1992).

Appellant's argument that the district court lacked jurisdiction to grant defendants an extension of time to file their bill of costs is based on his misunderstanding of the procedural rules, which the district court explained. See

R., Doc. 526, at 4-5. Appellant's argument related to defendants' bill of costs is therefore frivolous.

Finally, we address appellant's arguments that summary judgment was improperly granted. "We review the grant of summary judgment de novo applying the same standard as the district court embodied in [Fed. R. Civ. P.] 56(c)." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). "Summary judgment is proper if the movant[s] demonstrate[] that there is 'no genuine issue as to any material fact' and that [they are] 'entitled to a judgment as a matter of law.'" Id. (quoting Rule 56(c)).

Appellant's arguments directed at the district court's summary judgment decisions, though he has presented them in two long briefs, are inadequate for our consideration. Appellant clearly misunderstands his burdens on summary judgment and on appeal. After defendants moved for summary judgment, attaching their declarations denying the allegations in appellant's verified complaint, the burden shifted to appellant to produce evidence tending to prove every element of each and every one of his claims–sufficient evidence to require submission of every claim to the jury. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-250 (1986). Because we apply the same legal standard on appeal, appellant is obligated to point us to specific evidence against specific defendants on specific claims, showing that the district court erred in granting

summary judgment because there were genuine issues of material fact to be tried. See id.; see also Adler, 144 F.3d at 671-72. Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). It is insufficient, both in the district court and in this court, for appellant to rely on vague generalities and conclusory assertions that he proved up his claims. See United States v. Rodriguez-Aguirre, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997); Hernandez v. Starbuck, 69 F.3d 1089, 1093 (10th Cir. 1995). Despite appellant's inadequate briefing, however, we have thoroughly reviewed the record, including appellant's evidence, and we are convinced that the district court correctly granted summary judgment where appropriate, and appropriately reserved claims for trial to the extent appellant produced specific evidence to create genuine issues of material fact.

This court must dismiss an in forma pauperis appeal if it determines that the appeal is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); see also Stafford v. United States, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) (citing 28 U.S.C. § 1915(e)(2)(B)). An appeal is frivolous if "it lacks an arguable basis in either law or fact." Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002). We hold that this appeal is frivolous, and therefore it is DISMISSED. This appeal

counts as a strike under 28 U.S.C. § 1915(g). Appellant is reminded that he remains obligated to make partial payments to this court until the entire appellate filing fee is paid in accordance with 28 U.S.C. § 1915(b). Appellant's motion to strike appellees' answer brief and for monetary sanctions is denied. Appellant's motion for free trial transcripts is denied. The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge