FILED
United States Court of Appeals
Tenth Circuit

March 4, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DARRELL GRANT STOFFELS,

          Petitioner-Appellant,

v.

PATRICK HEGARTY, Internal
Revenue Special Agent, United States;
INTERNAL REVENUE
COMMISSIONER, United States;
WELLS FARGO BANK, Custodian
of Records,

          Respondents-Appellees.

No. 07-1225
(D.C. No. 07-cv-167-DME)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

Darrell Grant Stoffels appeals from a district court order dismissing with

prejudice his pro se petition to quash a summons issued by the Internal Revenue

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Service (IRS) to a third-party record keeper, Wells Fargo Bank. We have jurisdiction under 28 U.S.C. § 1291 and affirm. *See* 26 U.S.C. § 7609(h)(1) ("An order denying the petition [to quash] shall be deemed a final order which may be appealed.").

IRS Agent Patrick Hegarty issued the challenged summons in the course of investigating the federal income tax liabilities of Mr. Stoffels and his business, Life Enhancement Resources Health Ministry, for the taxable years 2002 through 2005. The summons required Mr. Stoffels' bank to provide specified records relating to his accounts.

> To obtain judicial enforcement of an IRS administrative summons,
>
> the government must first show that the IRS has not made a referral of the taxpayer's case to the Justice Department for criminal prosecution. The government then must show that the IRS is proceeding in good faith by demonstrating: (1) that the investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry will be relevant to that purpose; (3) that the information sought is not already in the possession of the IRS; and (4) that the summons was issued in compliance with the administrative steps required by the Internal Revenue Code.

*Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987) (internal citation omitted); *United States v. Powell*, 379 U.S. 48, 57-58 (1964). Agent Hegarty's declaration in support of the summons was sufficient to establish a prima facie case for its enforcement. *See Codner v. United States*, 17 F.3d 1331, 1332-33 (10th Cir. 1994); *United States v. Balanced Fin. Mgmt.*, 769 F.2d 1440, 1443 & n.1 (10th Cir. 1985).

The burden then shifted to Mr. Stoffels to prove that enforcement of the summons would "constitute an abuse of the court's process, or that in issuing the summons the IRS lack[ed] institutional good faith." *Anaya*, 815 F.2d at 1377 (citation and internal quotation marks omitted). The district court held that Mr. Stoffels failed to carry his "heavy" burden and therefore dismissed with prejudice the petition to quash. *Balanced Fin. Mgmt.*, 769 F.2d at 1444.

On appeal, Mr. Stoffels, whose pro se appellate filings we liberally construe, *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), renews his argument that the summons should be quashed because the IRS had referred his case to the Justice Department for criminal prosecution. *See* 26 U.S.C. § 7602(d) ("No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person."). The referral, he argues, is evidenced by a search and seizure warrant for his residence that pre-dates the summons. But, as the district court noted,

> Mr. Stoffels contradicts his own assertion that a referral to the Justice Department ha[d] occurred; in . . . his Petition [to quash], he alleges that the IRS "is delaying in submitting a formal recommendation to the Department of Justice in order to gather additional evidence . . . ," thus acknowledging that the IRS has *not* yet made such a recommendation.

*Stoffels v. Hegarty*, 2007 WL 1059037, at *3 (D. Colo. Apr. 5, 2007) (unpublished) (emphasis added). Indeed, Agent Hegarty specifically states in his

declaration supporting the summons that "[n]o Justice Department referral . . . is in effect . . . for the years being examined." R., Vol. I, Doc. 4, Attach. 1 at 3. We therefore hold that Mr. Stoffels has not produced evidence adequate to rebut the government's prima facie showing that the IRS had not referred his case to the Justice Department before issuing the summons.

Mr. Stoffels next argues that if the summons or "one or more parts of the summons . . . was issued for a criminal investigation, then the summons or relevant parts should be quashed." Aplt. Opening Br. at 2-3. We reject this argument because the IRS has the authority, in this setting, to issue a summons even when it is conducting a solely criminal investigation, so long as no referral has been made to the Justice Department for criminal prosecution. *United States v. Schmidt*, 816 F.2d 1477, 1481 & n.4 (10th Cir. 1987); *Anaya v. United States*, 815 F.2d at 1377.

Mr. Stoffels also takes issue with Agent Hegarty's declaration that the materials sought *may* be relevant to his investigation, arguing that Agent Hegarty's lack of certainty is grounds for quashing the summons. On the contrary, the best that Agent Hegarty could say was he reasonably believed that the information sought may be relevant to his investigation. Such an assertion is sufficient to demonstrate relevance, *see Codner*, 17 F.3d at 1332-33; *Balanced Fin. Mgmt.*, 769 F.2d at 1443 & n.1, and Mr. Stoffels has failed to overcome this showing.

Finally, he contends that he "needs discovery of IRS files and testimony by IRS agents to establish" that the IRS issued the summons as part of a criminal investigation. Aplt Br. at 3. "[A]s a general rule, discovery is available in summons enforcement proceedings only in extraordinary situations." *Balanced Fin. Mgmt.*, 769 F.2d at 1445 (internal quotation marks omitted). Since issuing a summons as part of a criminal investigation is wholly permissible, *Schmidt*, 816 F.2d at 1481 & n.4, this is not an extraordinary situation meriting discovery.

We are not persuaded by any of Mr. Stoffels' arguments. We thus conclude that he has failed to refute the government's prima facie showing that the IRS has not referred his case to the Justice Department for a criminal prosecution and that the IRS is proceeding in good faith. The judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge