**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CLAYTON HENRY FENT,

    Defendant-Appellant.

No. 05-7100

(D.C. No. CR-05-07-01-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BALDOCK**, and **BRORBY**, Circuit Judges.

Deputy Randy Hass of the Pittsburgh County Sheriff's Office discovered a small amount of methamphetamine, ammunition, and a firearm with a defaced serial number in Defendant's truck during the course of an inventory search. The Government charged Defendant in a two-count Indictment with Felon in Possession of a Firearm, 18 U.S.C. § 922(g), and Possession of a Firearm with an Obliterated Serial Number, 18 U.S.C. § 922(k). Following the district court's denial of Defendant's motion to suppress, a jury convicted Defendant on both counts. On

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal, Defendant claims the district court erred in denying his motion to suppress evidence found during the search of his vehicle. Defendant also appeals his sentence, claiming it violates his Sixth Amendment rights as discussed in United States v. Booker, 543 U.S. 220 (2005). We review both the district court's denial of Defendant's motion to suppress and its sentencing determination de novo and affirm. See United States v. Dennison, 410 F.3d 1203, 1207 (10th Cir. 2005); United States v. Stiger, 413 F.3d 1185, 1191 (10th Cir. 2005).

I.

During routine traffic patrol, Deputy Hass "clocked" Defendant's truck going 61 mph in a 45 mph zone. Deputy Hass testified at the suppression hearing that in addition to his radar reading, his observation of the vehicle led him to conclude Defendant was traveling at a rate of speed between 60 and 70 miles per hour. During the traffic stop, Defendant was unable to produce a driver's license or proof of insurance. Using Defendant's date of birth and social security number to search the database, Deputy Hass discovered Defendant's driver's license was suspended. Deputy Hass arrested Defendant for driving with a suspended license.

Pursuant to department policy, Deputy Hass impounded Defendant's truck and conducted an inventory search.[1] During the course of the inventory search, Deputy

---

[1] Defendant's attempt to challenge the inventory search in his reply brief is waived because he failed to raise the issue in his opening brief. Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 624 (10th Cir. 1998). ("[A]rguments not set forth fully in the opening brief are waived."); Codner v. United States, 17

(continued...)

Hass located a black bag containing a small amount of methamphetamine, ammunition and a firearm with a defaced serial number. Faced with firearm charges, Defendant filed a motion to suppress evidence found during the inventory search of his vehicle. The district court referred the matter to a magistrate judge who issued a written Report and Recommendation (R&R) recommending denial of Defendant's motion. Defendant objected to the R&R, and the district court overruled his objections and adopted the R&R. The case proceeded to trial where a jury found Defendant guilty on both counts.

The court sentenced Defendant to 168 months in prison. In calculating his sentence, the court increased Defendant's base offense level by four points in accordance with U.S.S.G. § 2K2.1(b)(5). That section provides for an enhancement when a defendant possesses a firearm in connection with another "felony offense."

II.

Defendant claims Deputy Hass did not have reasonable suspicion to stop his vehicle, and therefore the district court erred in denying his motion to suppress. Defendant argues Deputy Hass lacked training and experience in handling his radar gun and thus, reliance on the radar gun's reading could not create the requisite reasonable suspicion necessary to stop Defendant. Defendant further argues Deputy Hass had not calibrated the radar gun in several months, resulting in an unreliable

[1](...continued)
F.3d 1331, 1332 n.2 (10th Cir. 1994). ("[W]e will not address issues raised for the first time in a reply brief.").

3

reading.

A traffic stop is valid under the Fourth Amendment, "if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring." United States v. Botero-Ospina, 71 F.3d 783, 788 (10th Cir. 1995) (en banc). "Our sole inquiry is whether this particular officer had reasonable suspicion that this particular motorist violated any one of the multitude of applicable traffic and equipment regulations of the jurisdiction." Id. (citation and quotation marks omitted). We have no doubt this standard was satisfied here. Regardless of the amount of training Deputy Hass received in operating the radar gun, he was able to conclude, just by observing the vehicle, Defendant was speeding and thus committing a traffic violation. Such observation is the only requirement for a valid stop under the Fourth Amendment. See id., 71 F.3d at 787. Furthermore, Defendant offered no testimony at the suppression hearing concerning how often radar gun calibration is required or that the radar gun was malfunctioning. Accordingly, Deputy Hass's stop of Defendant's vehicle complied with the Fourth Amendment, and the district court properly denied his motion to suppress.

III.

Defendant also challenges his sentence claiming the addition of four points to his base offense level contravenes the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005). Sentencing Guideline § 2K2.1(b)(5) provides a four

4

level enhancement to a defendant's base offense level "if the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). The district court applied this enhancement, finding Defendant possessed the firearm in connection with the uncharged felony of possessing methamphetamine. On appeal, Defendant argues because the methamphetamine offense was not submitted to the jury, application of U.S.S.G. § 2K2.1(b)(5) was unconstitutional. Defendant's argument is foreclosed by our precedent.

In United States v. Magallanez, 408 F.3d 672, 684-85 (10th Cir. 2005), we held even after Booker, facts relevant to sentencing still need only be proved by a preponderance, as long as the guidelines are considered advisory. See also United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005) ("Booker therefore does not render judicial fact-finding by a preponderance of the evidence per se unconstitutional. The remedial portion of Booker demonstrates that such fact-finding is unconstitutional only when it operates to increase a defendant's sentence mandatorily."). The record supports the district court's conclusion Defendant possessed methamphetamine, and the close proximity of the drugs and the gun established Defendant possessed the firearm "in connection with" the felonious possession of drugs. U.S.S.G. § 2K2.1(b)(5). As noted by the district court, "the availability of the gun in such close proximity to the methamphetamine was sufficient evidence of a connection between the firearm and the possession of

methamphetamine, which is a felony offense in the state of Oklahoma." The court made this finding by a preponderance of the evidence. Most importantly for <u>Booker</u> purposes, the sentencing transcript clearly establishes the court applied the Guidelines in a discretionary fashion. Thus, no <u>Booker</u> error occurred.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge