FILED
United States Court of Appeals
Tenth Circuit

December 17, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CLAYTON HENRY FENT,

      Defendant - Appellant.

No. 08-7081
(E.D. Oklahoma)
(D.C. Nos. 08-CV-59-JHP
and 05-CR-07-JHP-1)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

---

      Petitioner, Clayton Henry Fent, seeks a certificate of appealability ("COA")

so he can appeal the district court's denial of the motion to vacate, set aside, or

correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (providing a movant may not appeal the denial of a § 2255

motion unless he first obtains a COA). In 2005, Fent was convicted of being a

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and

possessing a firearm from which the manufacturer's serial number had been

obliterated, in violation of 18 U.S.C. § 922(k). He filed a direct appeal, raising a

Fourth Amendment challenge to the stop of his automobile and a *Booker*

challenge to the calculation of his base offense level. *United States v. Fent*, 199

F. App'x 724 (10th Cir. 2006).  This court affirmed his convictions and his sentence.  *Id*. at *3.

Fent then filed the instant § 2255 motion asserting the following three claims: (1) he was denied effective assistance of trial and appellate counsel, (2) the search of his vehicle was unconstitutional, and (3) his sentence was imposed in violation of the Fifth Amendment's prohibition against double jeopardy.  The district court denied Fent's motion.  Applying the two-part test set out in *Strickand v. Washington*, 466 U.S. 668, 688-89 (1984), the court concluded Fent failed to demonstrate that his counsel's alleged deficient performance prejudiced his defense.  As to Fent's other claims, the district court concluded the Fourth Amendment claim was previously adjudicated on direct appeal and could not be reasserted.  The double jeopardy claim was deemed barred because it was not raised on direct appeal and Fent was unable to show cause and prejudice or a fundamental miscarriage of justice.  *See United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

In his appellate brief, Fent does not address the district court's ruling that he failed to show prejudice under *Strickland*, but attempts to reframe his ineffective assistance claim as a *Cronic* claim by alleging a complete breakdown of communication with his attorney during the trial.  *See United States v. Cronic*, 466 U.S. 648, 659-62 (1984) (identifying three situations in which it is possible to presume ineffective assistance).  The specific allegations of ineffective assistance

raised in Fent's § 2255 motion, however, were properly analyzed by the district

court under *Strickland*. *See Bell v. Cone*, 535 U.S. 685, 696-98 (2002). As to

the Fourth Amendment issue, Fent acknowledges raising it on direct appeal but

asserts he presented it in his § 2255 motion as an ineffective assistance claim.

Even if that assertion were true, Fent's conclusory statement that "the evidence

would have been suppressed as fruit of the poisonous tree" if his counsel had

properly argued the Fourth Amendment issue is insufficient to show prejudice.

Finally, Fent argues he demonstrated cause and prejudice for his failure to

raise the double jeopardy claim on direct appeal.[1] He asserts his counsel was

ineffective for failing to raise the issue, which he characterizes as both obvious

and meritorious. The claim, however, is clearly not meritorious. The grouping

rules of U.S.S.G. § 3D1.2(c) were applied to set Fent's base offense level.

Pursuant to U.S.S.G. § 2K2.1, Fent's base offense level was determined to be

twenty-four. Section 2K2.1 is the guideline applicable to violations of 18 U.S.C.

§ 922(g)(1), i.e., felon in possession of a firearm. Two levels were added to the

base offense level pursuant to U.S.S.G. § 2K2.1(b)(4) because the firearm Fent

---

[1]This court has held that double jeopardy claims are jurisdictional and not subject to waiver by entry of a guilty plea. *See United States v. Kunzman*, 125 F.3d 1363, 1365 (10th Cir. 1999). We have also held, however, that § 2255 double jeopardy claims are procedurally barred if not raised on direct appeal. *See United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). This potential intra-circuit conflict is of no consequence here, because the double jeopardy claim has no merit. Thus, it is immaterial whether Fent raised it as a straight-forward double jeopardy claim or an ineffective assistance claim based on the failure to argue double jeopardy.

possessed had an obliterated serial number. The two-level adjustment did not constitute double counting because the § 922(k) conviction was not used to set Fent's base offense level. Because the two-level increase was appropriate, Fent cannot show that his counsel's performance was deficient for failing to raise the double jeopardy issue.

This court cannot grant Fent a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Fent has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Fent is not required to demonstrate his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Fent's appellate brief, the district court's memorandum and order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Fent is not entitled to a COA. The district court's resolution of Fent's claims is not reasonably subject to debate and the claims are not adequate to deserve further

proceedings. Accordingly, Fent has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This court **denies** his request for a COA and **dismisses** this appeal. Fent's motion to proceed *in forma pauperis* on appeal is **denied** as moot.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge